UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JACOB WESLEY SCOTT,

                             Petitioner,

-vs-                                               Case No.  8:09-cv-1637-T-33MAP

SECRETARY, DEPT. OF CORRECTIONS,

                             Respondent.
_____/

**<u>ORDER</u>**

Before this Court are two motions which the Court construes as motions requesting restoration of gain time that was forfeited when Scott violated his probation.[1] (Docs. 20 and 27).  Petitioner urges this Court to order the Respondent to restore the gain time.

Discussion

Petitioner Scott has not shown that he exhausted his state court remedies relative to the forfeited gain time.  To do so, Scott must have filed a petition for writ of mandamus or petition for writ of habeas corpus in the state trial court requesting the restoration of the gain-time he had accrued on his initial sentence, which the Department of Corrections (DOC) had forfeited. Then, if the state trial court denied the petition for writ of mandamus

---

[1] These motions are not related to Petitioner's underlying 28 U.S.C. § 2254 petition for writ of  habeas corpus in which he challenges the revocation of the probationary portion of his split sentence imposed in the Thirteenth Judicial Circuit, Hillsborough County, Florida, in case no. 99-14018.

or petition for writ of habeas corpus, Scott must have appealed the denial by filing a petition for writ of certiorari to the district court of appeal. The record does not demonstrate that Scott complied with these requirements for exhaustion.

Furthermore, Scott's gain time was properly forfeited.

## BACKGROUND

Scott was found guilty after a jury trial of grand theft as charged in case no. 99-14018. Adjudicated guilty in accordance with the verdict, Scott was initially sentenced as a habitual felony offender to 10 years incarceration. Subsequently, he sought postconviction relief under Florida Rule of Criminal Procedure 3.850. At an evidentiary hearing on February 27, 2003, Scott indicated he would withdraw his postconviction motion in exchange for a habitual offender sentence of 10 years, suspended after five years in prison, but followed by five years probation. The Court agreed and Scott was resentenced to 10 years incarceration as a habitual felony offender with the sentence to be suspended after five years incarceration, and followed by five years probation. Scott did not appeal from the amended judgment entered February 27, 2003.

Scott next filed a Rule 3.800(c) motion for reduction of his sentence. The Court denied Scott's motions to correct and clarify his sentence, but entered a corrected amended judgment providing for additional **jail time** credit on July 7, 2004.

## STATE PROBATION VIOLATION PROCEEDINGS

On or about January 24, 2005, subsequent to his release from the incarceration portion of his split sentence, Scott was arrested for violating his probation. The state court held evidentiary violation proceedings on March 16, 2006. The violation proceedings resumed on April 10, 2006, at the conclusion of which the state court found that Scott

violated conditions one and five of his probation. The state court revoked Scott's probation and sentenced Scott to 10 years in prison as a habitual felony offender, with prison credit for five years of the 10 year sentence.

## FINALITY OF PROBATION REVOCATION

Scott appealed the probation revocation order, and following briefing, the state district court per curiam affirmed the state trial court on January 4, 2008, in case no. 2D06-2105. *Scott v. State*, 972 So.2d 185 (Fla. 2d DCA 2008)[table]. Rehearing was denied February 8, 2008.

## STATE COLLATERAL PROCEEDINGS

By then, Scott had filed a pro se petition for writ of habeas corpus dated June 20, 2007. On July 9, 2007, the state district court of appeal denied the petition in case no. 2D07-3006. *Scott v. State*, 961 So.2d 947 (Fla. App. Dist. 2007)[table]. Scott's motion to stay was denied on July 25, 2007.

During the pendency of his direct appeal, on July 3, 2007, Scott improperly filed a pro se Rule 3.800(a) motion to correct sentence. The state court denied the motion and Scott appealed. The state district court of appeal reversed and remanded for the postconviction court to strike the motion as unauthorized. *Case No. 2D07-3749, Scott v. State*, 976 So. 2d 628 (Fla. 2d DCA 2008). The district court stated:

> Jacob Wesley Scott appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Mr. Scott filed the motion on July 7, 2007, while the direct appeal of his judgment and sentence in the same case was pending. Thus, the postconviction court improperly denied the motion rather than striking it as unauthorized. *See Ladson v. State*, 907 So.2d 1288 (Fla. 2d DCA 2005). We reverse and remand for the postconviction court to strike the unauthorized motion. Once the mandate issues on his direct appeal, Mr. Scott may file a rule 3.800(a) motion on the same issue should he seek further relief. *See id. Scott v. State*, 976 So.2d 628 (Fla. App. Dist. 2008).

*Scott v. State*, 976 So. 2d 628. The mandate issued March 18, 2008.

Scott filed a pro se Rule 3.850 motion for postconviction relief on February 20, 2008, The state court denied the motion on October 22, 2008, without an evidentiary hearing. Scott appealed, and on July 29, 2009, the state district court per curiam affirmed the denial of relief in case no.2D08-5886. *Scott v. State*, 14 So.3d 1013 (Fla. 2d DCA 2009) [table]. The mandate issued August 26, 2009.

By then, Scott had also filed a pro se Rule 3.800(a) motion dated March 20, 2008. Following denial of the motion, he appealed, and on March 6, 2009, the state district court per curiam affirmed the denial of relief. *Scott v. State*, 6 So.3d 66 (Fla. App. Dist. 2009). The mandate issued April 24, 2009.

## THE PRESENT MOTIONS

Scott has a currently pending 28 U.S.C. § 2254 petition for writ of habeas corpus in this Court challenging the revocation of his probation. The motions now before the Court are not related to that challenge, but are related to the forfeiture of the gain time accrued during his original sentence.

## THE GAIN TIME FORFEITURE PROCESS

When an inmate is awarded gain time while in prison, the inmate's release date is advanced and he or she is released earlier than would have been the case had no gain time been awarded. See § 944.275(1), Fla. Stat. (1999). When an inmate is released due in part to the award of that gain time and placed on probation or community control, the Department records a release date, or expiration of sentence date, for that particular sentence. See § 944.275(3)(a), Fla. Stat. (1999). If the trial court finds that the inmate violated his or her probation or community control and that it should be revoked, the inmate

is returned to prison. See generally § 948.06, Fla. Stat. (1999). The Department, however, continues to maintain the original expiration date of the previous sentence until a decision is made as to the previously awarded gain time. See § 944.275(3)(a), Fla. Stat. (1999). That is, the previous expiration date, which was determined in large part, by the gain time awarded, is still on the Department's records and, at least on paper, the inmate retains his or her previously awarded gain time.

In *State v. Green*, 547 So. 2d 925 (Fla. 1989), the Florida Supreme court stated that "accrued gain-time is the functional equivalent of time served." *Id.* at 926. The Florida Supreme Court has more recently made clear that due to subsequent statutory amendments," *Green* [now] stands only for the proposition that upon revocation of probation, community control, or provisional release, an inmate is entitled to credit for prior awarded gain time **only** if the underlying offense was committed prior to October 1, 1989." *Dowdy v. Singletary*, 704 So.2d 1052, 1054 (Fla.1998) (footnote omitted).

Upon resentencing in either a probationary split sentence or a true split sentence, regardless of whether the trial court resentenced the inmate to a lesser sentence, the DOC's statutory authority to forfeit "all gain time" upon probation revocation is not lessened. See § 944.28(1), Fla. Stat. (1989-1999). In other words, the actual length of the new sentence imposed after probation revocation is irrelevant to any forfeiture penalty exacted from the gain time awarded during the prior incarceration.

The Florida Supreme Court stated, in *Eldridge v. Moore*, 760 So. 2d 888, 892 (Fla. 2000):

> Thus, even though we stated in *Franklin v. State*, 545 So.2d 851 (Fla.1989), that when a court resentences an inmate after violating the probationary portion of a true split sentence, "the total period of incarceration, including time served, may not exceed the one-cell upward increase

permitted by [the rules]," see 545 So.2d at 852, since our opinion in *Dowdy*, "time served" does not include gain time, except in limited situations. Therefore, *Franklin* is not applicable to this case, and Eldridge is not entitled to credit for the gain time previously awarded because it was not time served. The Department originally awarded Eldridge 2573 days of gain time and it has now properly forfeited 2573 days of gain time. Accordingly, we deny Eldridge's petition for writ of habeas corpus.

Likewise, the gain time originally awarded to Petitioner Scott was properly forfeited when he violated his probation, and Scott's construed motions for restoration of that gain time will be denied.

Accordingly, the Court orders:

That Scott's construed motions for restoration of forfeited gain time (Docs. 20 and 27) are denied. Petitioner's 28 U.S.C. § 2254 petition challenging the revocation of probation remains pending.

ORDERED at Tampa, Florida, on May 6, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Counsel of Record
Jacob Wesley Scott